IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-00256-PAB

RANJER FOODS LC and
RANDALL GENE TABOR,

      Plaintiffs,

v.

QFA ROYALTIES LLC,
QUIZNO'S FRANCHISING II LLC,
QCE FINANCE LLC f/k/a QCE Parent LLC,
THE QUIZNO'S MASTER LLC,
QIP HOLDER LLC,
TQSC II LLC f/k/a TQSC LLC,
QCE HOLDING LLC,
QZ FINANCE LLC,
QCE INCENTIVE LLC,
QCE LLC,
QUIZNOS FINANCE LLC,
QAFT, INC.,
AMERICAN FOOD DISTRIBUTORS LLC,
SOURCE ONE DISTRIBUTION LLC f/k/a National Restaurant Supply Distribution LLC,
S&S EQUIPMENT COMPANY LLC,
BA-BING! LLC f/k/a Source One Systems LLC,
CHAIN MANAGEMENT SYSTEMS LLC,
KINETIC SOURCING SOLUTIONS LLC f/k/a U.S. Fulfillment LLC,
CONTINENTAL LENDING GROUP LLC,
CLG LEASING LLC,
THE CERVANTES HOLDING COMPANY,
CERVANTES CAPITAL LLC,
CERVANTES MASTER LLC,
RICHARD E. SCHADEN,
RICHARD F. SCHADEN,
PATRICK E. MEYERS,
STEVEN B. SHAFFER,
AVENUE CAPITAL GROUP, LLC,
WILLOW RUN FOODS, INC., and
JOHN DOES 1-50,

      Defendants.

_____

**ORDER**

_____

The Court takes up this matter *sua sponte* on the Notice of Removal [Docket No. 1] filed by defendant Patrick E. Meyers. Mr. Meyers alleges that this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367. Docket No. 1 at 2, ¶ 5. He also alleges that all defendants who were served at the time of removal have consented to removal. *Id.*, ¶ 4.

## I. BACKGROUND

On December 19, 2012, plaintiffs brought this case in the District Court for the City and County of Denver, Colorado, alleging twenty-eight causes of action against defendants, including violations of the Colorado Organized Crime Control Act ("COCCA"), Colo. Rev. Stat. § 18-17-101 *et seq.*, violations of the Colorado Consumer Protection Act, Colo. Rev. Stat. § 6-1-101 *et seq.*, violations of the Civil Theft Act, Colo. Rev. Stat. § 18-4-405 *et seq.*, breach of contract, unjust enrichment, fraud, conspiracy, and negligent misrepresentation. Docket No. 1-1 at 3-4. Mr. Meyers acknowledges that plaintiffs' complaint does not explicitly assert a federal claim, but argues that the Court has subject matter jurisdiction because plaintiffs' state law claims raise substantial federal questions. Docket No. 1 at 2-3, ¶ 6.

## II. FEDERAL QUESTION JURISDICTION

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d

1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) ("[I]f the parties fail to raise the question of the existence of jurisdiction, the federal court has the duty to raise and resolve the matter."). Second, "[s]ubject matter jurisdiction cannot be conferred or waived by consent, estoppel, or failure to challenge jurisdiction early in the proceedings." *Laughlin*, 50 F.3d at 873. Finally, delay in addressing the issue only compounds the problem if it turns out that, despite much time and expense having been dedicated to a case, a lack of jurisdiction causes it to be dismissed or remanded regardless of the stage it has reached. *See U.S. Fire Ins. Co. v. Pinkard Const. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law "when the plaintiff's statement of his own cause of action shows that it is based on federal law." *Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1202 (10th Cir. 2012) (internal citations omitted). However, a plaintiff may not avoid federal jurisdiction by "artfully" invoking only state law when federal questions are "essential" to the asserted claims. *Id*. at 1203 (internal citations omitted). Thus, federal courts have jurisdiction over "state-law claim[s] [that]

necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 321 (2005) (Thomas, J., concurring) (internal citations omitted). A state law claim does not "necessarily" raise a federal issue where "there is only a possibility that a federal issue might arise." *Devon Energy*, 693 F.3d at 1211.

In *Grable & Sons*, the Supreme Court held that there was federal jurisdiction over a quiet title action where the claim of title depended on an interpretation of the notice provision in the federal tax law governing tax sales. 545 U.S. at 311. The Court explained that the notice provision was "an essential element of [plaintiff's] quiet title claim, and the meaning of the federal statute is actually in dispute; it appears to be the only legal or factual issue contested in the case." *Id*. at 315. The Court noted that jurisdiction over a federal question embedded in a state law claim is "subject to a possible veto" as federal jurisdiction is only proper where it is "consistent with congressional judgment about the sound division of labor between state and federal courts." *Id*. at 313. Given the rarity of quiet title actions implicating federal questions, the Court found that jurisdiction over the case at bar "would not materially affect, or threaten to affect, the normal currents of litigation." *Id*. at 319.

By contrast, the Supreme Court held there was no federal jurisdiction over a negligence per se claim premised on a violation of a federal law that was not itself subject to private enforcement. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 812 (1986). The law in question was the Food, Drug, and Cosmetic Act ("FDCA"), 21

U.S.C. § 301 *et seq.*, which governs, among other things, medication labeling. *Id*. at 805-06. The Court stressed the importance of the fact that the FDCA lacked a private right of action. *Id*. at 812 ("The significance of the necessary assumption that there is no federal private cause of action thus cannot be overstated. . . . We think it would . . . flout, or at least undermine, congressional intent to conclude that the federal courts might nevertheless exercise federal-question jurisdiction and provide remedies for violations of that federal statute solely because the violation of the federal statute is said to be a 'rebuttable presumption' or a 'proximate cause' under state law, rather than a federal action under federal law.").

## III.  ANALYSIS

Mr. Meyers contends that the complaint raises two federal questions: (1) whether defendants complied with the Franchise Rule promulgated by the Federal Trade Commission ("FTC") and (2) whether defendants violated federal laws prohibiting fraud and racketeering. Docket No. 1 at 4, 6, ¶¶ 10, 16.

### A.  Federal Trade Commission Act

Mr. Meyers argues that plaintiffs' claims turn on an analysis of whether Quiznos' Uniform Offering Circular ("UFOC") is deceptive. Docket No. 1 at 3, ¶ 9. The FTC, which regulates franchises, has issued regulations setting forth disclosure and other requirements for UFOCs. *See* 16 C.F.R. § 436.1 *et seq*. Mr. Meyers asserts that resolving plaintiffs' claims will require "an analysis of the FTC Franchise Rule, which describes materiality in this context and governs what a franchisor can, and cannot, say to prospective franchisees." Docket No. 1 at 5, ¶ 14.

This argument is directly vulnerable to the reasoning in *Merrell Dow*. It is well established that there is no private right of action to enforce the FTC Act or its implementing regulations. *See, e.g.*, *Sandoz Pharm. Corp. v. Richardson-Vicks, Inc.*, 902 F.2d 222, 231 (3d Cir. 1990); Docket No. 1 at 6, ¶ 18 ("Plaintiffs are attempting to improperly side-step the fact there is no private cause of action for a violation of the FTC Franchise Rule"). The absence of a private right of action is evidence that Congress did not intend for the Franchise Rule to serve as the basis for federal jurisdiction in a private lawsuit. *See Merrell Dow*, 478 U.S. at 812 ("it would flout congressional intent to provide a private federal remedy for the violation of" a federal statute lacking a private right of action). Moreover, extending federal jurisdiction to all suits where federally-regulated communications or activities are at issue would almost certainly "materially affect, or threaten to affect, the normal currents of litigation." *Grable*, 545 U.S. at 319. *See also Palermo Gelato, LLC v. Pino Gelato, Inc.*, 2013 WL 285547 (W.D. Pa. Jan. 24, 2013) (court lacked subject matter jurisdiction over claim that franchise contract was void for violation of the FTC's Franchise Rule).

### B.  Colorado Organized Crime Control Act

Mr. Meyers' second argument is that plaintiffs' COCCA claims raise federal questions because plaintiffs allege violations of federal law as the requisite predicate acts. Docket No. 1 at 5-6, ¶¶ 15-16.

COCCA makes it unlawful for "any person employed by, or associated with, any enterprise to knowingly conduct or participate, directly or indirectly, in such enterprise through a pattern of racketeering activity or the collection of an unlawful debt." Colo.

Rev. Stat. § 18-17-104(3). A "[p]attern of racketeering activity means engaging in at least two acts of racketeering activity which are related to the conduct of the enterprise." *Id.* at § 18-17-103(3).

Plaintiffs' first three claims for relief allege violations of COCCA. Docket No. 1-1 at 51-55. Defendants argue that the following allegations from plaintiffs' complaint necessarily raise federal questions that are both substantial and actually disputed:

> 336. By the actions described in paragraphs 3-7 and 211-329, Defendants knowingly executed a scheme to sell the Mandated Essential Goods to defraud Plaintiffs in violation of 18 U.S.C. §§ 1341, 1343, 1344, and 1957, and C.R.S. §§ 18-4-401, 410 & 501, and C.R.S. § 18-5-702.
>
> 358. By the actions described above, in paragraphs 3-7 and 211-329, Defendants knowingly executed a scheme to exert control over franchisees through a pattern of racketeering activity in violation of 18 U.S.C. §§ 1341, 1343, 1344, and 1957, and C.R.S. §§ 18-4-401, 410 & 501, and C.R.S. § 18-5-702.
>
> 463. Willow Run's actions also violate federal law, including but not limited to violations of the Perishable Agricultural Commodities Act, 7 USC § 499(b)(4) and (e).

Docket No. 1-1 at 51, 55, 74. As the first two cited paragraphs make clear, plaintiffs do not rest their COCCA claim solely upon alleged violations of federal law. They also allege parallel predicate violations of state laws regarding theft, receipt of stolen property, and criminal mischief. *See* C.R.S. §§ 18-4-401, 410 & 501, 18-5-702. The third cited paragraph is not asserted as a separately enumerated cause of action, but rather it is incorporated, as an aside, within a common law claim for fraud by nondiclosure and concealment. Docket No. 1-1 at 74.

This Court has held that asserting violations of federal law as an element of a COCCA claim does not support federal question jurisdiction. *Meinders v. REFCO*

7

*Securities, Inc.*, 865 F. Supp. 721, 723 (D. Colo. 1994) ("Given the limited purpose for which violations of federal law are asserted in this case, the presence of the claimed violation of federal law as an element of the COCCA claim is not sufficiently substantial to confer federal-question jurisdiction."). Courts in other jurisdictions agree. *See, e.g.*, *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555 (6th Cir. 2007) (no federal jurisdiction over shareholder suit alleging breach of contract and fraud based on corporate overpayment of federal income taxes); *Horowitz v. Marlton Oncology, P.C.*, 116 F. Supp. 2d 551 (D. N.J. 1999) (alleging violations of federal mail and wire fraud statutes as predicate acts for state RICO claim does not give rise to federal jurisdiction); *Patterman v. Travelers, Inc.*, 11 F. Supp. 2d 1382, 1388-89 (S.D. Ga. 1997) ("claimed violations of federal mail and wire fraud statutes as elements of Plaintiffs' Georgia RICO action is not sufficiently substantial to confer federal question jurisdiction").

Moreover, as none of plaintiffs' COCCA claims rely exclusively on federal law for the alleged predicate acts, a court could resolve these claims without addressing federal law at all. *See Austin v. Ameriquest Mortg. Co.*, 510 F. Supp. 2d 1218, 1227 (N.D. Ga. 2007). Thus, addressing the alleged federal violations is not "necessary" to a proper resolution of the case. *See Devon*, 693 F.3d at 1210 ("Such a possibility is not enough.").

Mr. Meyers relies on *Ayres v. General Motors Corp.*, 234 F.3d 514 (11th Cir. 2000), in which the court held that it had subject matter jurisdiction over a claim under the Georgia RICO statute predicated on a violation of federal law. In that case, however, the state RICO claim required the court to determine whether defendants'

failure to report defects as required by the National Traffic and Motor Vehicle Safety Act, 18 U.S.C. § 1341 *et seq*., was also a violation of federal mail and wire fraud statutes. *Id*. at 516-17. As the case depended "entirely on interpretation of the federal mail and wire fraud statutes and their interaction with the Safety Act," the court concluded that it "may very well" be "one of those exceptional cases requiring that we decide a federal question substantial enough to confer federal question jurisdiction." *Id*. at 518-19. The present case, however, is unlike *Ayres* because the state claims do not rely on a finding of liability under federal law. *See id*.; *Austin*, 510 F. Supp. 2d at 1227 (distinguishing *Ayres*).

In sum, any federal questions embedded in plaintiffs' claims are too speculative and limited to support federal jurisdiction. *See Meinders*, 865 F. Supp. at 723.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that this case shall be remanded to the District Court for the City and County of Denver, Colorado, where it was filed as Case No. 2012CV7607.

DATED February 8, 2013.

                                    BY THE COURT:

                                    s/Philip A. Brimmer
                                    PHILIP A. BRIMMER
                                    United States District Judge